UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:19-CR-00060-TBR

UNITED STATES OF AMERICA,                                                                                           PLAINTIFF

v.

CREADELL HUBBARD,                                                                                                       DEFENDANT

**MEMORANDUM OPINION & ORDER**

This opinion and order addresses defendant Creadell Hubbard's pro se motion contesting the court's jurisdiction. (DN 30). For the reasons that follow, the motion is **DENIED**.

**I. Background and Procedural History**

Creadell Hubbard is before the Court in this case (5:19-cr-00060-TBR) on a charge of escape from federal custody. At the time he escaped custody, Hubbard was detained in federal custody at the Christian County Jail pursuant to a separate case also before this Court (5:19-cr-00045-TBR) in which Hubbard is charged with felon in possession of a firearm and possession of body armor by a violent felon. At the time the United States initiated charges against Hubbard in that underlying case, Hubbard was already detained in the Christian County Jail on state charges. Thus, Hubbard was brought into federal court on a writ of habeas corpus ad prosequendum. The following timeline of relevant events may be helpful:

- August 13, 2019—Hubbard is detained at the Christian County Jail on state charges
- August 13, 2019—The United States files an indictment charging Hubbard with two counts of Felon in Possession of a Firearm and one Count of Possession of Body Armor by a Violent Felon (5:19-cr-00045-TBR, DN 1)

- August 13, 2019—The United States files a Petition for Writ of Habeas Corpus Ad Prosequendum (5:19-cr-00045-TBR, DN 4)

- August 14, 2019—Magistrate Judge King issues a Writ of Habeas Corpus Ad Prosequendum directing the U.S. Marshals Service and the Jailer of the Christian County Jail to produce Hubbard before this Court (5:19-cr-00045-TBR, DN 7)

- October 23, 2019—Deputy United States Marshal Eric Waterhouse files a criminal complaint attesting that defendant Creadell Hubbard escaped while detained at the Christian County Jail during the night of October 21, 2019 (5:19-cr-00060-TBR, DN 1)

- November 11, 2019—The United States files an indictment charging Hubbard with one count of Escape from Custody pursuant to 18 U.S.C. § 751(a) (5:19-cr-00060-TBR, DN 10)

**II.    Hubbard's Motion**

Although Hubbard's motion also addresses interest in a plea deal, the motion principally concerns the Court's jurisdiction. Hubbard's argument regarding jurisdiction begins as follows:

> I would like to contest the government's Jurisdiction under 18 U.S.C. Section 751(a). Mr. Hubbard will show that he was not in federal custody pursuant to the Doctrine of Primary Jurisdiction. The Supreme Court in Ponzi v. Fessenden, 258 U.S. 254, 262 (1922), when state has primary jurisdiction over prisoner, federal custody does not begin until the state officials relinquished custody of him.

(5:19-cr-00060-TBR, DN 30 at 3). Hubbard goes on to argue that the sovereign to first arrest an individual has primary jurisdiction, control, and custody over that individual, taking priority over other any other sovereigns that subsequently arrest him or sentence him "unless and until it has relinquished its jurisdiction to some other sovereign." Id. at 3-4. Hubbard claims that the Commonwealth of Kentucky and the Christian Circuit Court never relinquished jurisdiction over Hubbard. Specifically, Hubbard states:

> [D]ocuments and Records before this Court does not Reflect that the Commonwealth of Kentucky, and the Christian Circuit Court Relinquished its primary jurisdiction when Mr.

> Hubbard was brought to federal court . . . In addition, when Mr. Hubbard escaped from custody, he was in the custody of the Christian County Sheriff Department, who service is the Christian County Jailers of the Commonwealth of Kentucky.

*Id*. at 4-5. As discussed further below, Hubbard's jurisdictional challenge fails. Even if the state maintained primary jurisdiction, federal authorities legitimately had custody of Hubbard under the writ of habeas corpus ad prosequendum such that charging Hubbard with escape from federal custody under 18 U.S.C. § 751(a) was proper.

### III.   Legal Standards

"A writ of habeas corpus ad prosequendum is the correct way to bring a prisoner under incarceration by state or federal courts to trial for alleged violations of laws." *Rose v. United States*, 365 F.Supp. 841, 843 (N.D. Ill. 1973) (citations omitted). "A federal writ of habeas corpus ad prosequendum is a court order directing the production of a prisoner to stand trial in federal court." *Ridgeway v. United States*, 558 F.2d 357, 361 (6th Cir. 1977). The status of jurisdiction and custody once a writ of habeas corpus ad prosequendum is issued can be described thus:

> The first jurisdiction to take physical custody of a suspected criminal has 'primary jurisdiction' over the suspect, which allows that jurisdiction to try, sentence, and punish the defendant before any other. Other jurisdictions may subsequently exercise 'secondary jurisdiction' by bringing charges against the same defendant for the same conduct . . . When exercising secondary jurisdiction, a writ ad prosequendum allows federal and state prosecutors to obtain temporary custody of a prisoner incarcerated in another jurisdiction.

Evan M. O'Roark, Note, Saying "No" After Pleau: Exploring the Conflict Between the Interstate Agreement on Detainers Act and the Federal Writ Ad Prosequendum, 47 Suffolk U. L. Rev. 189, 191 (2014).

"The fact that another sovereign might obtain physical custody of the defendant through a writ of habeas corpus ad prosequendum does not deprive the original sovereign of jurisdiction." *Bruette v. Warden, FCI-Sandstone*, No. 19-cv-3136, 2020 WL 3420808, at *2 (D. Minn. May 26, 2020). "[W]hen a state has primary jurisdiction over a prisoner, federal custody does not

begin until the state prison officials relinquish custody upon satisfaction of the state sentence . . . The fact that [a defendant is] in federal custody pursuant to writ of habeas corpus ad prosequendum does not divest the Commonwealth of Kentucky of primary jurisdiction over him." *United States v. Lacy*, NO. 3:13-CR-00163-GNS, 2017 WL 2743404, at *3 (W.D. Ky. June 26, 2017) (citations omitted).

A defendant in federal custody at a state facility pursuant to a writ of habeas corpus ad prosequendum is usually *not* considered to be in federal custody for the purposes of calculating the time served on a federal sentence ultimately imposed. *Wahid v. Williams*, No. 19-3851, 2020 WL 5412791, at *2 (6th Cir. Aug. 13, 2020). However, a defendant in federal custody pursuant to a writ of habeas corpus ad prosequendum *is* in federal custody for the purposes of 18 U.S.C. § 751, even when incarcerated in a state facility, because the federal court exercises secondary jurisdiction pursuant to the writ of habeas corpus ad prosequendum. *United States v. Brown*, 875 F.3d 1235, 1239 (9th Cir. 2017) (citing *United States v. Hobson*, 519 F.2d 765, 771 (9th Cir. 1975)) ("[A] federal prisoner housed in a designated state facility remains in federal custody as a matter of law."). The apparent distinction is whether the defendant is in the custody of the U.S. Marshals Service or the Bureau of Prisons. Stated differently, if the defendant is in the custody of the U.S. Marshals Service at a state facility, he can be charged with escape from federal custody, but he usually cannot include the time that he is in custody of the U.S. Marshals Service in calculating the time served on his federal sentence, because the original sovereign (the state government) still has primary jurisdiction over custody for sentencing calculations. *Brown*, 875 F.3d at 1239; *Lacy*, 2017 WL 2743404, at *3. Generally, only when the defendant comes under the control of the Bureau of Prisons does the defendant come into federal custody for purposes of time served on a federal sentence.

## IV. Discussion

Hubbard argues that the state did not relinquish its jurisdiction over him, so the federal authorities did not have jurisdiction over him either (1) when he was originally brought into federal court or (2) when he was recaptured and charged following his escape from the Christian County Jail. (5:19-cr-00060-TBR, DN 30 at 4-5). Hubbard's argument fails. In both instances, the federal government had custody of Hubbard pursuant to the writ of habeas corpus ad prosequendum. The Marshals Service assumed custody of Hubbard from the time of the writ's issuance, and it maintains custody of Hubbard now, even though he is detained at the Christian County Jail. Both when the writ was originally issued and complied with, and when Hubbard escaped, Hubbard was in federal custody under the federal court's secondary jurisdiction authority, even if the state maintained primary jurisdiction. Therefore, while Hubbard is correct in stating that the state maintained primary jurisdiction over him when he was brought into federal court and when he escaped, Hubbard was in federal custody under the writ of habeas corpus ad prosequendum, and thus, properly charged under 18 U.S.C. § 751(a) for escape from federal custody. The state did not have to completely relinquish its jurisdiction over Hubbard for him to properly come before this Court for prosecution or to properly come into the custody of the U.S. Marshals Service.

## V. Conclusion

Pursuant to the facts and law detailed above, Hubbard's motion contesting the court's jurisdiction (5:19-cr-00060-TBR, DN 30) is **DENIED**.

cc: counsel